17 MAG 5300                            ORIGINAL

Approved: _____
          ALINE R. FLODR
          Assistant United States Attorney

Before:   HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X
                                   :   COMPLAINT          DOC #____ ____
UNITED STATES OF AMERICA           :
                                   :   Violations of
        - v. -                     :   18 U.S.C. §§ 2252A and 2
                                   :
PAUL HAVERKAMP,                    :   COUNTY OF OFFENSE:
                                   :   NEW YORK
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        AARON SPIVACK, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

COUNT ONE
(Receipt and Distribution of Child Pornography)

        1.    From at least in or about March 2017 up to and including
at least in or about April 2017, in the Southern District of New
York and elsewhere, PAUL HAVERKAMP, the defendant, knowingly did
receive and distribute and attempt to receive and distribute
material that contains child pornography that had been mailed, and
using a means and facility of interstate and foreign commerce
shipped and transported in and affecting interstate and foreign
commerce by any means, including by computer, to wit, HAVERKAMP
made available for distribution sexually explicit images and
videos of minors over the Internet using an electronic device in
his residence in New York, New York.

        (Title 18, United States Code, Sections 2252A(a)(2)(B),
                        (b)(1), and 2.)

COUNT TWO
(Possession of Child Pornography)

2.    From at least in or about March 2017 up to and including
at least in or about April 2017, in the Southern District of New
York, PAUL HAVERKAMP, the defendant, knowingly did possess and
access with intent to view, and attempt to possess and access with
intent to view, a book, magazine, periodical, film, videotape,
computer disk, and other material containing an image of child
pornography that had been mailed, shipped and transported using a
means and facility of interstate and foreign commerce and in and
affecting interstate and foreign commerce by any means, including
by computer, and that was produced using materials that had been
mailed, shipped and transported in and affecting interstate and
foreign commerce by any means, including by computer, to wit,
HAVERKAMP possessed images of child pornography in his residence
in New York, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2),
and 2.)

          The bases for my knowledge and for the foregoing
charge are, in part, as follows:

3.    I am a Special Agent with FBI, currently assigned to the
Crimes Against Children squad.  I have been personally involved in
the investigation of this matter, and I base this affidavit on
that experience, on my conversations with other law enforcement
officials, and on my examination of various reports and records.
Because this affidavit is being submitted for the limited purpose
of demonstrating probable cause, it does not include all the facts
I have learned during the course of my investigation.  Where the
contents   of   documents   and   the   actions,   statements,   and
conversations of others are reported herein, they are reported in
substance and in part, except where otherwise indicated.

**The Investigation**

4.    As set forth below, there is probable cause to believe
that PAUL HAVERKAMP, the defendant, received, possessed and made
available for distribution child pornography at his residence.
Specifically, a KIK Account was used to send files that constitute
child pornography, which was accessed from an Internet Protocol

2

("IP") Address[1] assigned to HAVERKAMP's residence (the "Haverkamp Residence").  *See infra* ¶ 7.  On or about July 18, 2017, I and other law enforcement agents executed a search and seizure warrant (the "Search Warrant"),[2] and during that time HAVERKAMP made voluntary statements to us, in which HAVERKAMP admitted to possessing and distributing child pornography.  *See infra* ¶ 8.

5.    From my review of documents and files, and from speaking with other law enforcement agents involved in this investigation, I have learned the following, in substance and in part:

a.    From approximately March 27, 2017 through April 23, 2017, an FBI Online Undercover Employee ("UC-1") exchanged over 400 messages over the social media application "KIK"[3] with the user "China_il," whom UC-1 met in a KIK group chat room.

b.    In total, while communicating on KIK, China_il sent UC-1 approximately 35 image and video files depicting the sexual exploitation of prepubescent children, including infants and toddlers.  Examples of the images that appear to be consistent with child pornography that were downloaded by UC-1 during the undercover KIK sessions with China_il are further described as follows:

---

[1] Based on my training and experience, I know that "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider ("ISP") assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, meaning an Investigative Software assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. "Domain name" is a name that identifies an IP address.

[2] The Search Warrant was authorized by the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, on or about July 17, 2017.

[3] Based on my training and experience, I know that KIK is a social media application that can be accessed on a computer, such as a cell phone, that allows users to send messages including text, pictures, and videos.  Based on my training and experience, I also know that KIK is sometimes used to exchange child pornography.

  i.    "c8850b5d-5925-4fce-ac84-3d049a64e034.jpg" is
an image depicting a prepubescent girl, approximately six to eight
years of age nude from the waist down.  An adult male is penetrating
her anus with his erect penis while spreading her legs open.

  ii.    "51fe84f5-7c83-42cf-98f2-c970b6a5a679.jpg" is
an image depicting a fully nude prepubescent girl, approximately
six to eight years of age.  The girl is tied to a pole with a red
gag ball in her mouth.

  iii.    "2211dd8b-94f1-4c58-a8b7-52cedb27f6bd.jpg" is
an image depicting a prepubescent girl, approximately two to four
years of age.  The girl has an erect penis in her mouth.

  c.    On or about April 11, 2017, China_il sent UC-1 a
link to a P-Cloud[4] account which contained hundreds of images and
videos that based on my training and experience appear to be child
pornography.  Examples of some of the images and videos downloaded
by UC-1 from that P-Cloud account are further described as
follows:

  i.    "Screenshot_2016-01-23-09-39-12-1.png" is an
image depicting an adult male holding down a small child,
approximately one or two years of age wearing only a diaper.  The
adult male is nude from the waist down and is forcing his erect
penis into the child's mouth.

  ii.    "VID-20150330-WA0030.mp4" is a video
approximately four minutes and thirty seconds in length.  The video
beings with a female prepubescent child, approximately six to eight
years old. The child is holding a sign which reads "Mat preteen 4
you."    The child then undresses and is instructed by an adult
male to insert a sexual object into her mouth and vagina.  The
child then uses her fingers to penetrate into her anus and vagina,
with the adult male instructing her as she does it.  The child
then engages the adult male's erect penis in oral sex. The adult
male then engages the child in vaginal sex and ejaculates on the
child's buttocks.

  6.    Based on my review of records provided by
KIK Interactive, Inc. for the user of "China_il" (the "KIK
Account"), I have learned the following:

───────────────

[4] Based on my training and experience, I know that a P-Cloud
account is an internet-based cloud storage account that can be
used to store child pornography.

a.     The KIK Account was registered to a particular user email address (the "Haverkamp Email Address").

b.     The KIK Account user accessed the KIK Account between on or about March 27, 2017, and April 23, 2017, from a particular IP Address (the "Target IP Address").

7.     Based on my review of documents provided by an ISP, I have learned, in substance and in part, that the Target IP Address was assigned to "Paul Haverkamp" at the Haverkamp Residence in New York, New York, from at least on or about March 6, 2015 through at least on or about July 12, 2017.

8.     On or about the morning of July 18, 2017, I and other law enforcement agents executed the Search Warrant at the Haverkamp Residence.     After we knocked on the door to the Haverkamp Residence, an individual opened the door and identified herself Jennifer Haverkamp, PAUL HAVERKAMP, the defendant's wife.     I advised Jennifer Haverkamp in substance and in part that we were there to execute the Search Warrant of the Haverkamp Residence. At some point thereafter, I and one other law enforcement agent approached HAVERKAMP in the Haverkamp Residence, identified ourselves as law enforcement agents, and explained in substance and in part that we were there to execute the Search Warrant.     I advised HAVERKAMP that he was free to leave at any time during the course of our search and HAVERKAMP responded that he understood. I discussed with HAVERKAMP on at least two additional occasions during the course of our search that he was free to leave and HAVERKAMP acknowledged that he understood on each occasion. During the course of our search, HAVERKAMP made the following voluntary statements, in substance and in part:

a.     HAVERKAMP admitted to being the KIK Account user "China_il."

b.     HAVERKAMP admitted to receiving, possessing, and distributing child pornography over the KIK Account, including from the Haverkamp Residence.

c.     HAVERKAMP admitted to communicating with UC-1 from approximately March 27, 2017 through April 23, 2017, and to sending UC-1 child pornography images over the KIK Account, including by sending UC-1 a link to a P-Cloud account that contained child pornography images and videos.

9.    After  making  the  above-referenced  statements,  PAUL HAVERKAMP,  the  defendant,  voluntarily  agreed  to  accompany  myself and  other  law  enforcement  agents  to  FBI's  headquarters  in Manhattan,  New  York.    At  some  point  after  arriving  at  FBI's headquarters in Manhattan, HAVERKAMP was arrested.

WHEREFORE, the deponent respectfully requests that PAUL HAVERKAMP,  the  defendant,  be  imprisoned,  or  bailed,  as  the  case may be.

AARON SPIVACK
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18th day of July, 2017

HONORABLE  SARAH  NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK